UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Michael Sinclair,

                        Plaintiff,                  **MEMORANDUM & ORDER**
                                                                           23-CV-00295 (DG) (LB)
      -against-

Bank of America NA and Carrington Mortgage
Services LLC,

                        Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On January 17, 2023, Plaintiff Michael Sinclair, proceeding *pro se*, commenced this action against Defendants Bank of America NA ("Bank of America") and Carrington Mortgage Services LLC ("Carrington") (together, "Defendants"). *See* Complaint ("Compl."), ECF No. 1.[1]

Pending before the Court are three motions to dismiss the Complaint: (1) Defendants' Joint Motion to Dismiss, brought pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 8" and "Rule 12(b)(6)," respectively), *see* ECF No. 17; (2) Defendant Bank of America's Motion to Dismiss, brought pursuant to Rule 12(b)(6), *see* ECF No. 19; and (3) Defendant Carrington's Motion to Dismiss, brought pursuant to Rule 12(b)(6), *see* ECF No. 16.[2]

In support of their Joint Motion to Dismiss, Defendants argue, *inter alia*, that Plaintiff's Complaint does not provide a short and plain statement of the claims asserted against Defendants as required by Rule 8. *See* Defendants' Memorandum of Law in Support of Joint Motion to Dismiss ("Defs.' Br.") at 1, 3, 4-5, ECF No. 17-1; *see also* Defendant Bank of America's Reply

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

[2] Defendants have jointly moved on certain grounds and separately moved on other grounds.

Memorandum of Law at 2, ECF No. 21.  More specifically, Defendants assert that "Plaintiff's Complaint is poorly drafted, confusing and vague," that "[n]one of Plaintiff's allegations are pleaded with any specificity whatsoever," that "none of [the allegations] set forth how Plaintiff was damaged," and that "[t]he Complaint also fails to clearly differentiate the purported claims against each of the two Defendants."  See Defs.' Br. at 3, 5.  Noting that "[c]onstruing the Complaint as favorably as possible to the Plaintiff, the allegations may be read as an attempt to assert some form of fraud claim against one or both Defendants," Defendants further assert that Plaintiff "offers nothing more in support of [a fraud] claim than confusing and conclusory statements" and "fails to set forth any specific factual allegations to meet the heightened pleading standard of Rule 9(b) [of the Federal Rules of Civil Procedure]."  See Defs.' Br. at 5-6.  And, Defendants argue that to the extent that Plaintiff alleges that one or both of the Defendants violated 26 U.S.C. § 7206(5)(B), that *criminal* statute does not provide a *civil* cause of action.  See Defs.' Br. at 6.

## DISCUSSION

As set forth below, Plaintiff's Complaint does not satisfy the requirements of Rule 8 and the Complaint therefore must be dismissed.

**I.**     **Applicable Law**

Rule 8(a) provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

A "short and plain statement of the claim" is required "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and ellipsis omitted).

## II. Plaintiff's Complaint Does Not Satisfy the Requirements of Rule 8

In light of Plaintiff's *pro se* status, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so construed, however, the Complaint does not satisfy the requirements of Rule 8.

Notably, in response to the instruction on the preprinted Complaint form to "[w]rite a short and plain statement of the claim," Plaintiff sets forth what appear to be six factual allegations and four requests of the Court. *See* Compl. at 6-7.[3] One of the factual allegations references a "bogus loan" allegedly transferred by Defendant Bank of America to Defendant Carrington and then bought back, but this allegation is devoid of any context and neither the nature nor the basis of any claim stemming from this allegation is evident. *See* Compl. at 6. The remaining five factual allegations do not appear to suggest any wrongdoing by any named Defendant – or by anyone else. *See* Compl. at 6. Nor do the other parts of the Complaint – or attachments to the Complaint – provide the required short and plain statement. *See generally* Compl.; ECF No. 1-1. And, although Plaintiff filed certain documents opposing dismissal of the Complaint, which documents provide certain additional information and contain certain additional allegations, *see* ECF Nos. 14, 15, 16-4, 18, 20, Plaintiff's filings do not clarify the nature of any claim alleged in the Complaint or clarify the grounds upon which any such claim rests. Indeed, the record reflects a general lack of clarity with respect to the nature of the claim(s) Plaintiff seeks to assert by way of this action, the basis for such claim(s), and the

---

[3] In citing to Plaintiff's Complaint, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF").

3

identity of any Defendant against whom Plaintiff seeks to assert any particular claim.

Because the Complaint does not satisfy the requirements of Rule 8 and fails to give Defendants fair notice of what any alleged claim is or the grounds upon which any alleged claim rests, the Complaint is dismissed. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2).[4]

## CONCLUSION

For the reasons set forth above, Defendants' Joint Motion to Dismiss, ECF No. 17, is GRANTED and the Complaint, ECF No. 1, is DISMISSED without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure.

In light of Plaintiff's *pro se* status and given that the Complaint is Plaintiff's first Complaint in this action, the Court affords Plaintiff an opportunity to file an Amended Complaint. Any Amended Complaint must be filed by **April 11, 2024**. With respect to any claim alleged in any Amended Complaint, Plaintiff must include a short and plain statement of the claim showing that Plaintiff is entitled to relief, which statement must provide sufficient information such that any Defendant against whom the claim is alleged is put on notice of what the claim is and the grounds upon which it rests. Plaintiff is advised that any Amended Complaint will replace entirely the initial Complaint. Any Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 23-CV-00295.

If Plaintiff fails to file an Amended Complaint by **April 11, 2024**, judgment dismissing

---

[4] In addition to asserting that Plaintiff's Complaint should be dismissed pursuant to Rule 8, each Defendant asserts that dismissal is warranted on the bases of *res judicata* and collateral estoppel. *See* ECF No. 19-1 at 4-6; ECF No. 16-1 at 2-6. Because, as set forth above, the nature of Plaintiff's intended claims is not clear on the current record, the Court does not address herein the additional asserted bases for dismissal but does note that Defendants raise persuasive arguments as to why certain claims might be barred by *res judicata* and/or collateral estoppel.

4

this action shall be entered by the Clerk of Court.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                            */s/ Diane Gujarati*
                                            DIANE GUJARATI
                                            United States District Judge

Dated: March 11, 2024
       Brooklyn, New York