UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Michael Sinclair,

                            Plaintiff,                     **MEMORANDUM & ORDER**
                                                                           23-CV-00295 (DG) (LB)
      -against-

Bank of America NA and Carrington Mortgage
Services LLC,

                          Defendants.
----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       On January 17, 2023, Plaintiff Michael Sinclair, proceeding *pro se*, commenced this action against Defendants Bank of America NA ("Bank of America") and Carrington Mortgage Services LLC ("Carrington") (together, "Defendants"). *See* Complaint, ECF No. 1. By Memorandum & Order dated March 11, 2024 (the "March 2024 Order"), the Court granted Defendants' Joint Motion to Dismiss, ECF No. 17; dismissed the Complaint, ECF No. 1, without prejudice pursuant to Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"); afforded Plaintiff an opportunity to file an Amended Complaint in light of Plaintiff's *pro se* status and given that the Complaint was Plaintiff's first Complaint in this action; and advised Plaintiff, *inter alia*, that with respect to any claim alleged in any Amended Complaint, "Plaintiff must include a short and plain statement of the claim showing that Plaintiff is entitled to relief, which statement must provide sufficient information such that any Defendant against whom the claim is alleged is put on notice of what the claim is and the grounds upon which it rests." *See generally* ECF No. 22.[1]

---

[1] Familiarity with the detailed procedural history and background of this action – including with the March 2024 Order – is assumed herein.

On April 5, 2024, Plaintiff filed an Amended Complaint and exhibits thereto (collectively, the "Amended Complaint").  *See* Amended Complaint ("Am. Compl."), ECF No. 23; *see also* Affidavit/Affirmation, ECF No. 24.[2]  In light of Plaintiff's *pro se* status, the Court liberally construes the Amended Complaint as well as Plaintiff's other filings in this action.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Pending before the Court are two motions to dismiss (together, the "Motions to Dismiss"): (1) Defendant Carrington's Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), *see* Defendant Carrington's Notice of Motion, ECF No. 27; *see also* Defendant Carrington's Memorandum of Law, ECF No. 27-5; Defendant Carrington's Reply, ECF No. 30; and (2) Defendant Bank of America's Motion to Dismiss brought pursuant to Rule 12(b)(6), *see* Defendant Bank of America's Notice of Motion, ECF No. 31; *see also* Defendant Bank of America's Memorandum of Law, ECF No. 31-1; Defendant Bank of America's Reply, ECF No. 33.  Plaintiff opposes the Motions to Dismiss.  *See* ECF Nos. 28, 29, 32.[3]

For the reasons set forth below, the Motions to Dismiss are granted and the Amended

---

[2]  When citing to the Amended Complaint, the Court uses the page numbers generated by the Court's electronic case filing system ("ECF").

Next to the caption of the Amended Complaint and under the words "Amended Complaint," Plaintiff includes the following language: "Plaintiff Motion the Court to Request Loan Contract 7000099967 From Bank of America.  Plaintiff Motion the Court to Request Loan Payment to Deutsche Bank From Carrington Mortgage SVS Demand for Jury Trial."  *See* Am. Compl. at 1.  Because, as discussed further below, the Court has determined that the Amended Complaint must be dismissed, any request to bring a discovery-related motion is denied.

[3]  Plaintiff filed his opposition to Defendant Bank of America's Motion to Dismiss at ECF No. 29.  Defendant Bank of America refiled Plaintiff's opposition at ECF No. 32.  Citations herein to Plaintiff's opposition to Defendant Bank of America's Motion to Dismiss are to the filing at ECF No. 29.

Complaint is dismissed.

## BACKGROUND

I.     The Amended Complaint[4]

In the Amended Complaint, under the header "Statement of Facts," Plaintiff alleges: that "[a] notice dated 01/05/2021 from the Internal Revenue Service requested verification of a bogus mortgage loan for $140,231.00 from Bank of America and $1879.00 from Carrington Mortgage Services LLC;" that "Plaintiff wrote internal Revenue Service to explain why the income statement was incorrect, and why the defendants will not give a written statement to verify the income;" that "Plaintiff sent documents of two loans**(A) Deutsche Bank loan 4873399 and (B) Bank of America bogus loan 7000099967** annex to One Deed of Trust signed and validated on April 7, 1995 was sent to Internal Revenue Service;" that "Plaintiff explained that Bank of America Service loan 4873399 a default foreclosure loan was dismissed with prejudice on June 8, 2016 by a Virginia Circuit Court Judge Final Court Order case no:6153;" that "[f]ollowing the dismissal of the loan, Bank of America engineered a **Certificate/Affidavit of Satisfaction** in 2017 certifying ownership of loan 7000099967 annex to the same Deed of Trust signed 04/07/1995;" that "Bank of America transfer or sold the bogus loan to Carrington Mortgage Services LLC $140,231.00 also transfer the Deed of Trust owned by Deutsche Bank;" that "Plaintiff claim Bank of America sent false income statement of $140,231.00 to the Internal Revenue Service;" that "Plaintiff claim Carrington Mortgage Service informed the IRS Cancellation of Debt for $1879.00 for bogus loan;" that "[o]n 05/10/2021 Plaintiff received a Final Balance Due Reminder Notice of intent to seize your property or rights to Property. Amount Due immediately $79,115.74;" that "[a] notice received from IRS dated August 9, 2021

---

[4] The allegations in the Amended Complaint are viewed in the light most favorable to Plaintiff.

3

stated $6,275.00 was taken from Plaintiff 2020(Form1040) over payment to the amount owe for 2017(Form 1040) because of the bogus income statement;" that "[o]n March 13, 2023 IRS sent a notice stating a Refund Due $6,275.22 because we made the changes you requested to your 2017 form 1040 to adjust other income, penalty charge.  We change the civil penalty amount that we previously charge.  As a result, you are due a refund of $6,275.22;" that "[f]or Carrington Mortgage Services LLC Cancellation of debt Of $1897.00, on 12/02/2019 plaintiff paid the IRS $311.00 for Cancellation of Debt;" and that "[i]n 2023 August 30 IRS considered plaintiff protest the evidence and arguments submitted to support plaintiff claim for a refund of $311.00 of tax."  *See* Am. Compl. at 2-5.

The Amended Complaint expressly asserts two claims: (1) a claim styled "Claim Against Bank of America (Violation of civil rights: Any person willfully files a fraudulent information return with respect to payments purported to be made to any other person. 26 U.S.C. 7434 (a)(b)(2)(3)(c)(1)(2);" and (2) a claim styled "Claim Against Carrington Mortgage Services LLC (Violation of civil rights: Any person willfully files a fraudulent information return with respect to payments purported to be made to Any other person. 26 U.S.C. 7434 (a)(b)(2)(3)(c)(1)(2)." *See* Am. Compl at 5-6.[5]  With respect to the "Claim Against Bank of America," Plaintiff asserts that "Defendant cause and/or permitted the violation of Plaintiff rights by fraudulent filing of information return."  *See* Am. Compl. at 5.  With respect to the "Claim Against Carrington Mortgage Services LLC," Plaintiff asserts that "Defendant cause and permitted the violation of Plaintiff rights by fraudulent filing of Information return."  *See* Am. Compl. at 6.

In addition to the two claims expressly asserted, the Amended Complaint arguably also

---

[5]   The Court liberally construes these claims to be brought under 26 U.S.C. § 7434(a).

4

seeks to assert a claim for fraud against one or both Defendants. *See generally* Am. Compl.[6]

Plaintiff seeks, *inter alia*, "[c]ompensatory damages from Bank of America for twenty million dollars, including general and special damages, seven hundred and fifty million dollars, lawyer fees and according to proof" and "[c]ompensatory damages from Carrington Mortgage Servies LLC for twenty million dollars, including general and special damages for five hundred million dollars, lawyer fees and according to proof." *See* Am. Compl. at 6-7.

## II. The Motions to Dismiss and Oppositions

On May 6, 2024, Defendant Carrington filed its Motion to Dismiss, *see* ECF No. 27, which Plaintiff opposed, *see* ECF No. 28.[7] On June 24, 2024, Defendant Bank of America filed its Motion to Dismiss, *see* ECF No. 31, which Plaintiff opposed, *see* ECF No. 29.[8]

---

[6] Defendants appear to liberally construe the Amended Complaint to potentially be seeking to assert a claim for fraud under New York law. *See* ECF No. 27-5 at 4-5; ECF No. 31-1 at 8-9. The Court similarly construes the Amended Complaint.

Although Plaintiff references "civil rights" and asserts as one basis for this Court's jurisdiction over this action "[f]ederal question jurisdiction . . . pursuant to 42 U.S.C[.] 1983," that statute does not appear to be applicable here. Notably, the Amended Complaint does not appear to allege that either Defendant acted under color of state law. *See* 42 U.S.C. § 1983; *see generally* Am. Compl.

[7] Plaintiff's opposition briefing is titled "MOTION TO AN ORAL ARGUMENT AT A HEARING. REQUEST MOTION TO SUBPOENA INTERNAL REVENUE SERVICE TO A HEARING. REQUEST MOTION TO SUBPOENA LOAN APPILCATION 7000099967 FOR $140,231.95. MOTION FOR NOTICE OF CLAIM." *See* ECF No. 28 at 1. To the extent that Plaintiff is requesting oral argument on Defendant Carrington's Motion to Dismiss, the request is denied as the Court has determined that oral argument is not necessary. To the extent that Plaintiff is requesting the issuance of a subpoena and requesting other relief, the requests are denied in light of the Court's conclusion, discussed further below, that the Amended Complaint must be dismissed.

[8] Plaintiff's opposition briefing is titled "REQUESTING MOTION TO AN ORAL ARGUMENT AT A HEARING. REQUEST MOTION TO DISSMISS NDA WITH PREJUDICE. REQUESTING MOTION TO SUBPOENA LOAN APPLICATION 7000099967 FOR $140,231.95 MOTION FOR NOTICE OF CLAIM." *See* ECF No. 29 at 1. To the extent that Plaintiff is requesting oral argument on Defendant Bank of America's

In their respective motions to dismiss, Defendants argue, in summary, that Plaintiff has failed to state a claim under 26 U.S.C. § 7434(a) because, *inter alia*, a private right of action does not exist concerning debt forgiveness reporting; that Plaintiff has failed to state a claim for fraud because Plaintiff has not plausibly alleged facts sufficient to establish the elements of a claim for fraud and has not met the requirements of Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)");[9] and that Plaintiff's claims are barred by *res judicata* and collateral estoppel. *See generally* ECF No. 27-5; ECF No. 31-1. Additionally, Defendant Carrington argues that Plaintiff has again failed to satisfy the requirements of Rule 8, *see* ECF No. 30 at 3, and Defendant Bank of America argues that Plaintiff's claims are barred by a prior settlement agreement, *see* ECF No. 31-1 at 4-6.

In each of his oppositions, Plaintiff primarily sets forth a narrative of purportedly relevant facts. *See generally* ECF Nos. 28, 29. Although Plaintiff does address in cursory – and unclear – fashion certain of Defendants' arguments, he does not appear to address Defendants' arguments regarding the inapplicability of 26 U.S.C. § 7434(a) or Defendants' arguments regarding the elements of a claim for fraud and the requirements of Rule 9(b). *See generally* ECF Nos. 28, 29.

---

Motion to Dismiss, the request is denied as the Court has determined that oral argument is not necessary. To the extent that Plaintiff is requesting the issuance of a subpoena and requesting other relief, the requests are denied in light of the Court's conclusion, discussed further below, that the Amended Complaint must be dismissed.

[9] Defendants note that any purported fraud claim appears to be premised on the assertion that two loans exist when in fact – and as reflected in Plaintiff's filings – only one loan (identified by different numbers) exists. *See* ECF No. 27-5 at 2; ECF No. 30 at 3; ECF No. 31-1 at 2 n.4; ECF No. 33 at 2 n.4. Defendants set forth that the loan at issue was obtained by Plaintiff in 1995 and is related to a property in Virginia. *See* ECF No. 27-5 at 1; ECF No. 30 at 3; ECF No. 31-1 at 1.

**STANDARD OF REVIEW**

Rule 8(a) of the Federal Rules of Civil Procedure provides:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

A "short and plain statement of the claim" is required "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and ellipsis omitted).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept all 'well-pleaded factual allegations' in the complaint as true" and "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Lynch v. City of N.Y.*, 952 F.3d 67, 74-75 (2d Cir. 2020) (first quoting *Iqbal*, 556 U.S. at 679; then quoting *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009)). However, "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do," and dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 555, 558. A court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *See Faber v. Metro. Life Ins. Co.*, 648 F.3d

7

98, 104 (2d Cir. 2011) (quotation omitted); *see also Iqbal*, 556 U.S. at 678 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Twombly*, 550 U.S. at 555)); *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (noting that "factual allegations must be sufficient to support necessary legal conclusions"). "In considering a motion to dismiss for failure to state a claim, '[a] district court is normally required to look only to the allegations on the face of the complaint,'" though "[it] may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)).

In reviewing a *pro se* complaint, a court must be mindful that the plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, to survive a motion to dismiss, a *pro se* plaintiff must plead sufficient facts to state a claim that is plausible on its face. *See, e.g.*, *Ebomwonyi v. Sea Shipping Line*, 473 F. Supp. 3d 338, 346 (S.D.N.Y. 2020), *aff'd*, No. 20-3344, 2022 WL 274507 (2d Cir. Jan. 31, 2022).

"Claims sounding in fraud must satisfy the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b)." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). Under Rule 9(b), a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b). To satisfy this requirement, "a plaintiff must: '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were

8

fraudulent.'" *In re Synchrony Fin. Sec. Litig.*, 988 F.3d 157, 167 (2d Cir. 2021) (quoting *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012)); *see also Olson*, 29 F.4th at 71.

## DISCUSSION

As set forth below, the Amended Complaint must be dismissed in its entirety.

**I.      Plaintiff's Claims Brought Under 26 U.S.C. § 7434(a) Must be Dismissed**

For the reasons set forth below, Plaintiff's claims brought under 26 U.S.C. § 7434(a) must be dismissed.

**A.      Applicable Law**

26 U.S.C. § 7434(a) provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." *See* 26 U.S.C. § 7434(a).

26 U.S.C. § 7434(f) provides: "For purposes of this section, the term 'information return' means any statement described in section 6724(d)(1)(A)." *See* 26 U.S.C. § 7434(f).

26 U.S.C. § 6724(d)(1)(A) provides: "The term 'information return' means -- (A) any statement of the amount of payments to another person required by -- (i) section 6041(a) or (b) (relating to certain information at source), (ii) section 6042(a)(1) (relating to payments of dividends), (iii) section 6044(a)(1) (relating to payments of patronage dividends), (iv) section 6049(a) (relating to payments of interest), (v) section 6050A(a) (relating to reporting requirements of certain fishing boat operators), (vi) section 6050N(a) (relating to payments of royalties), (vii) section 6051(d) (relating to information returns with respect to income tax withheld), (viii) section 6050R (relating to returns relating to certain purchases of fish), or (ix)

9

section 110(d) (relating to qualified lessee construction allowances for short-term leases)." *See* 26 U.S.C. § 6724(d)(1)(A).

"The private right of action created by § 7434(a) applies only if any person *willfully files* a fraudulent information return." *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011) (alteration accepted) (quotation omitted). "A number of district courts have divided this cause of action [under Section 7434] into three elements: (1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return." *Osuagwu v. Home Point Fin. Corp.*, No. 22-CV-03830, 2022 WL 1645305, at *9 (S.D.N.Y. May 24, 2022) (quotation omitted), *aff'd*, No. 22-1403, 2023 WL 3335315 (2d Cir. May 10, 2023), *cert. denied*, 144 S.Ct. 560 (2024); *see also Wang v. Leo Chuliya, Ltd.*, No. 23-CV-02463, 2024 WL 2221237, at *2 (S.D.N.Y. May 16, 2024) (collecting cases); *Czerw v. Lafayette Storage & Moving Corp.*, No. 16-CV-06701, 2018 WL 5859525, at *2 (W.D.N.Y. Nov. 9, 2018) (collecting cases).

    **B.**    **The Amended Complaint Fails to State a Claim Under 26 U.S.C. § 7434(a)**

The Amended Complaint appears to allege that one or both Defendants filed a fraudulent information return with the Internal Revenue Service. *See generally* Am. Compl. Although the Amended Complaint does not make clear on which filing(s) Plaintiff premises his claims, Plaintiff provides a 1099-C "Cancellation of Debt" form bearing Defendant Carrington's name, *see* Am. Compl. at 11, and a 1099-MISC "Miscellaneous Income" form bearing Defendant Bank of America's name, *see* Am. Compl. at 10.

To the extent that Plaintiff premises his claims brought under 26 U.S.C. § 7434(a) on the alleged filing of fraudulent information returns related to cancellation of debt, such information returns do not appear to fall within any of the nine categories enumerated in 26 U.S.C.

§ 6724(d)(1)(A). *See* 26 U.S.C. § 6724(d)(1)(A); *see also Ryder v. J.P. Morgan Chase Bank*, No. 13-CV-01929, 2015 WL 13793263, at *10 (D. Conn. Aug. 19, 2015) (stating that "[t]he types of false information returns for which a private right of action exists is limited to the nine returns listed in 26 U.S.C. § 6724(d)(1)(A)" and that "'[t]hose nine do not include returns relating to the cancellation of indebtedness, i.e., a Form 1099-C'" (quoting *Cavoto v. Hayes*, 634 F.3d 921, 924 (7th Cir. 2011))).

Further, even assuming *arguendo* that any relevant information return falls within one of the nine enumerated categories for which a private right of action exists, Plaintiff has not plausibly alleged that any information return was fraudulent or that either Defendant acted willfully in filing any such information return. *See generally* Am. Compl.

Plaintiff has failed to state a claim under 26 U.S.C. § 7434(a) against either Defendant. Accordingly, Plaintiff's claims brought under 26 U.S.C. § 7434(a) are dismissed. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 9(b).

## II.  Plaintiff's Claim for Fraud Must be Dismissed

As noted above, the Amended Complaint arguably seeks to assert a claim for fraud against one or both Defendants. For the reasons set forth below, any such claim must be dismissed.

As the United States Court of Appeals for the Second Circuit has stated: "Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015); *see also Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009).

11

The Amended Complaint fails to plausibly allege facts sufficient to establish the elements of fraud. *See generally* Am. Compl. Notably, the Amended Complaint fails to plausibly allege facts sufficient to establish, *inter alia*, knowledge by either Defendant of any falsity or an intent by either Defendant to induce reliance. The Amended Complaint – which in places is difficult to decipher – falls far short of meeting the heightened pleading requirements of Rule 9(b). *See* Fed. R. Civ. P. 9(b) (requiring, *inter alia*, that a plaintiff alleging a claim for fraud "state with particularity the circumstances constituting fraud"); *see generally* Am. Compl.[10]

Plaintiff has failed to state a claim for fraud against either Defendant. Accordingly, any purported claim for fraud is dismissed. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 9(b).[11]

## CONCLUSION

For the reasons set forth above, Defendant Carrington's Motion to Dismiss, ECF No. 27, is GRANTED; Defendant Bank of America's Motion to Dismiss, ECF No. 31, is GRANTED; and the Amended Complaint, ECF No. 23, is DISMISSED. Such dismissal is without leave to further amend.[12]

---

[10] Plaintiff's briefing in opposition to the Motions to Dismiss, even liberally construed, does not set forth facts sufficient to plausibly state a claim for fraud. *See generally* ECF Nos. 28, 29.

In addition to failing to meet the heightened pleading requirements of Rule 9(b), arguably, the Amended Complaint – like the original Complaint – fails to satisfy even the requirements of Rule 8 with respect to any purported claim for fraud. *See* Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555.

[11] In light of the above, the Court need not – and does not – address herein Defendants' additional asserted bases for dismissal but does note that Defendants raise persuasive arguments as to why certain claims might be barred by *res judicata* and/or collateral estoppel and that Defendant Bank of America raises persuasive arguments as to why a prior settlement agreement might bar Plaintiff's claims.

[12] Plaintiff has not requested leave to amend the Amended Complaint. *See generally* docket; *see Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("While leave to amend under the Federal Rules of Civil Procedure is freely granted, no court can be said to have erred in failing to grant

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                            */s/ Diane Gujarati*
                                            DIANE GUJARATI
                                            United States District Judge

Dated: February 21, 2025
       Brooklyn, New York

---

a request that was not made." (quotation and citation omitted)); *see also Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022). Moreover, the Court has concluded that leave to further amend is not appropriate here. Plaintiff already was afforded – and availed himself of – the opportunity to amend and, on the record before the Court, there is no indication that Plaintiff could cure the deficiencies that are fatal to the Amended Complaint. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).